RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEWAYNE ALAN JERNIGAN | DOCKET NO. 05-769 |
| VS. | SECTION P |
| WARDEN MENIFEE | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the Court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner **DEWAYNE ALAN JERNIGAN**("Petitioner") pursuant to 28 U.S.C. § 2241. He is currently incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner paid the filing fee on May 5, 2005.

The instant matter was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636 and a standing order of this Court.

**I. STATEMENT OF THE CASE**

Petitioner asserts that a new U.S. Supreme Court case is retroactively applicable to his conviction. As a result, he was improperly enhanced as a career criminal during sentencing. Specifically, he argues that Leocal v. Ashcroft, 125 S.Ct. 377 (2004) re-defines "negligent homicide" under Arkansas law, making it not a "crime of violence". Petitioner's status as a career offender was enhanced due to a past DUI negligent homicide conviction. Petitioner seeks this writ pursuant to the "savings

clause" of §2255.

## II. ANALYSIS

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F. 3d 827, 820 (5th Cir. 2001), cert. den., 429 U.S. 815, 122 S.Ct. 476 (2001)See also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). .

Nevertheless, a section 2241 petition which attacks the custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the "savings clause" in Section 2255, which provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee v.

2

Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F. 3d 827, 820 (5th Cir. 2001), cert. den., 429 U.S. 815, 122 S.Ct. 476 (2001).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a non-existent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial. appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830(citing, Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Jeffers, 253 F.3d at 830(citing, Reyes-Requena, 243 F.3d at 903-904).

Petitioner asserts his claims fall within the savings clause. He argues Leocal v. Ashcroft provides a new rule of law that is retroactively applicable. In Leopold, an alien sought review of a decision pursuant to INA § 101(a)(43)(F) by the Board of

3

Immigration Appeals which ordered his deportation for a drunk driving conviction in Florida. Leopold v. Ashcroft, 125 S.Ct. 377 at 377-78. In Florida, driving while intoxicated and causing serious bodily injury in an accident was an aggravated felony, making the alien subject to deportation. Id. at 377. The Supreme Court held that the alien's conviction was not a "crime of violence" and therefore was not an aggravated felony warranting deportation under the Immigration and Nationality Act. Id.

Petitioner misinterprets Leopold. This case does not apply to his case. Petitioner argues that the sentencing Court's use of a prior DUI negligent homicide in calculating his criminal history was overturned by Leopold. This is not applicable to the Petitioner. Leopold invalidated the BIA's interpretation of "crime of violence" for its use in deportation cases. Petitioner has failed to present a retroactively applicable Supreme Court decision, and therefore has failed to satisfy the requirements of the "savings clause". As such, this Petition should be dismissed with prejudice.

Based upon the foregoing,

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE**.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have

**ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

THIS DONE AND SIGNED in Alexandria, Louisiana on this _17th_ day of _Aug_____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).