U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
AUG - 9 2005
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEWAYNE ALAN JERNIGAN | CIVIL ACTION<br>SECTION "P" |
| VERSUS | NO. CV05-769-A |
| WARDEN MENIFEE | DISTRICT JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner Dewayne Alan Jernigan ("Jernigan") pursuant to 28 U.S.C. § 2241, on May 5, 2005. In 2000, Jernigan was convicted of drug offenses pursuant to a guilty plea entered in the U.S. District Court for the Eastern District of Arkansas, and was sentenced to a total of 240 months imprisonment. Jernigan is challenging the career criminal enhancement to his sentence. He is currently incarcerated at the United States Penitentiary in Pollock, Louisiana. This matter was referred to the undersigned Magistrate Judge for Report and Recommendation in accordance with 28 U.S.C. § 636 and a standing order of this Court.

Jernigan contends a new United States Supreme Court case is retroactively applicable to his conviction. As a result, he argues, his career criminal sentence enhancement should be vacated and he should be resentenced. Specifically, he argues that Leocal v. Ashcroft, 125 S.Ct. 377 (U.S. 2004), re-defines "negligent homicide" under Arkansas law, and reversed previous decisions

holding it was a "crime of violence". Jernigan was sentenced a career offender due to a past DUI negligent homicide conviction. Jernigan seeks this writ pursuant to the "savings clause" of §2255.

## Law and Analysis

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Arkansas district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 122 S.Ct. 476 (U.S. 10/29/2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also

2

appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct

3

that was not prohibited by law. Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

Jernigan argues Leocal v. Ashcroft provides a new rule of constitutional law that is retroactively applicable. In Leocal, an alien sought review of a decision pursuant to INA § 101(a)(43)(F) by the Board of Immigration Appeals which ordered his deportation for a drunk driving conviction in Florida. Leocal, 125 S.Ct. at 377-78. In Florida, driving while intoxicated and causing serious bodily injury in an accident was an aggravated felony, making the alien subject to deportation. The Supreme Court held that the alien's conviction was not a "crime of violence" and therefore was not an aggravated felony warranting deportation under the Immigration and Nationality Act. Leocal, 125 S.Ct. at 377-78.

In Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478 (2001), the Supreme Court expressly held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Tyler, 533 U.S. at 663. "The Supreme Court is the only entity that can ma[k]e a new rule retroactive. The new rule becomes retroactive, not by the decision of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." Tyler, 533 U.S. at 663. See also, In re Elwood, 408 F.3d 211 (5th Cir. 2005).

The Supreme Court has not held Leocal to be retroactive on collateral review. Therefore, Jernigan has not meet the savings

4

clause requirement of a retroactively applicable Supreme Court decision which establishes that Jernigan is "actually innocent," or was convicted for conduct that did not constitute a crime.

Since Jernigan has failed to meet the savings clause requirements, his claims are not properly brought under Section 2241 and this court lacks jurisdiction to consider his claims under Section 2255. Therefore, Jernigan's Section 2241 habeas petition attacking his federal sentences must be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Jernigan's Section 2241 petition attacking his federal sentences be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR**

AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE